UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____ Sep 16, 2025 _____

UNITED STATES OF AMERICA,                                                         Plaintiff,

v.                                                              Criminal Action No. 3:23-cr-80-DJH

NEAL SCOTT STONE (1) and
KEELY LOGSDON (2),                                                              Defendants.

\* \* \* \* \*

## PRELIMINARY JURY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

**I.      DUTY OF THE JURY**

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the Court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**II.     EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses; documents and other things received into the record as exhibits; and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

(1)      Statements, arguments, and questions by lawyers are not evidence.

1

(2)     Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

(3)     Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

(4)     Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## III.    RULES FOR CRIMINAL CASES

As you know, this is a criminal case.  There are three basic rules about criminal cases that you must keep in mind.

First, the defendants are presumed innocent until proven guilty. The indictment brought by the government against the defendants is only an accusation, nothing more. It is not proof of guilt or anything else. The defendants therefore start out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendants have no burden to prove their innocence, or to present any evidence, or to testify. Since the defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that a defendant may not have testified.

Third, the government must prove the defendants' guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

## IV.   SUMMARY OF THE CASE

In this case, the defendants are charged with conspiracy to distribute controlled substances and distribution of controlled substances. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the government must prove to make its case.

To prove that the defendants conspired to distribute controlled substances, the government must prove beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to distribute controlled substances;

Second, that the defendants knew of the conspiracy and its goals; and

Third, that the defendants joined the conspiracy with the intent that at least one of the conspirators engage in distribution of controlled substances.

To prove that the defendants distributed controlled substances, the government must prove beyond a reasonable doubt:

First, that the defendants knowingly distributed the controlled substance; and

Second, that the defendants knew at the time of distribution that the substance was a controlled substance.

## V. CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials; search the Internet, websites, or blogs; or use any other electronic tools, including artificial intelligence (known as AI), to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that most of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case using your cell phone, iPhone, email, text messaging, or Twitter (or X); or through any blog, website, or app, including Facebook, LinkedIn,

Instagram, Threads, Snapchat, TikTok, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me immediately if you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

I hope that for all of you this case is interesting and noteworthy.

If you want to take notes during the course of the trial, you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day—be sure to leave them in the jury room.

If you choose *not* to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

## VI.    COURSE OF THE TRIAL

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendants' attorneys may, but do not have to, make opening statements. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendants may cross-examine them. Following the government's case, the defendants may, if they wish, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the Court will instruct you on the law. After that, you will retire to deliberate on your verdict.