UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                              Plaintiff,

v.                                          Criminal Action No. 3:23-cr-80-DJH

NEAL SCOTT STONE (1) and
KEELY LOGSDON (2),                                              Defendants.

* * * * *

## JURY INSTRUCTIONS

## INSTRUCTION NO. 1

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a copy of these instructions with you in the deliberation room.

## INSTRUCTION NO. 2

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## INSTRUCTION NO. 3

As you know, the defendants have pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendants start the trial with a clean slate, with no evidence at all against them, and the law presumes that they are innocent. This presumption of innocence stays with them unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that they are guilty.

This means that the defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent. It is up to the government to prove that they are guilty, and this burden stays on the government from start to finish. You must find the defendants not guilty unless the government convinces you beyond a reasonable doubt that they are guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendants guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

# INSTRUCTION NO. 4

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

**INSTRUCTION NO. 5**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

## INSTRUCTION NO. 6

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 7

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(a) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(b) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(c) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(d) Ask yourself how the witness acted while testifying.  Did the witness appear honest? Or did the witness appear to be lying?

(e) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(f) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

7

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(g) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 8

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## INSTRUCTION NO. 9

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved these defendants guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 10

The defendants have both been charged with several crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or charge, whether it is guilty or not guilty, should not influence your decision on the other defendant or any of the other charges.

## INSTRUCTION NO. 11

Count 1 of the indictment charges the defendants with conspiracy to distribute controlled substances.  It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find a defendant guilty of the conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

(a) First, that two or more persons conspired, or agreed, to distribute controlled substances.

(b) Second, that the defendant knew of the conspiracy and its objects, aims, or goals, and

(c) Third, that the defendant joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of controlled substances.

Now I will give you more detailed instructions on some of these terms.

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute controlled substances.

Proof of conspiracy does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details.  But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement.  Nor is a single transaction between a buyer and a seller sufficient to establish the existence of a conspiracy.  These are things that you may consider in deciding whether the government has proved an agreement.  But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute controlled substances.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

With regard to the second and third elements—the defendant's connection to the conspiracy—the government must prove that the defendant knew of the conspiracy and its objects, aims, or goals and joined the conspiracy with the intent that at least one of the conspirators engage in conduct that satisfies the elements of distribution of controlled substances.

You must consider each defendant separately in this regard.

Proof of conspiracy does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning.  Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial.  A slight role or connection may be enough.

Further, this does not require proof that the defendant knew the drug involved was fentanyl or cocaine.  It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much fentanyl or cocaine was involved. It is enough that the defendants knew that some quantity was involved.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it.

13

Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator.  These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy.  But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew of the conspiracy and its objects, aims, or goals.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

## INSTRUCTION NO. 12

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## INSTRUCTION NO. 13

If you find either defendant guilty of conspiracy to distribute controlled substances, you will then be asked to determine the quantity of the controlled substance involved in the conspiracy that was attributable to that defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to the defendant.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that a quantity of at least 400 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to the defendant, then please indicate this finding on the special verdict form.

If you do not so find, you will then be asked to determine whether the government has proved a lesser quantity.  If you unanimously find that the government has proved beyond a reasonable doubt that a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl was attributable to the defendant as the result of his or her own conduct and the conduct of other co-conspirators that was reasonably foreseeable to the defendant, then please indicate that finding on the special verdict form.

In determining the quantity of the controlled substance, you need not find that the defendant knew that his or her offense involved this quantity of drugs.

# INSTRUCTION NO. 14

The defendants are charged in Count 2 with the crime of distribution of cocaine and fentanyl.  Cocaine and fentanyl are controlled substances.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed cocaine or fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 10A is the same as that was purchased on March 7, 2023 and that Government's Exhibit 10B is the report of analysis conducted on the same substance.

(2) That Government's Exhibit 11A is the same as that was purchased on March 7, 2023 and that Government's Exhibit 11B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the cocaine or fentanyl, the defendant did not have to know that the substance was cocaine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much cocaine or fentanyl he or she distributed.  It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 15

The defendants are charged in Count 3 with the crime of distribution of cocaine and fentanyl. Cocaine and fentanyl are controlled substances. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed cocaine or fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 18A is the same as that was purchased on March 19, 2023 and that Government's Exhibit 18B is the report of analysis conducted on the same substance.

(2) That Government's Exhibit 19A is the same as that was purchased on March 19, 2023 and that Government's Exhibit 19B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the cocaine or fentanyl, the defendant did not have to know that the substance was cocaine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much cocaine or fentanyl he or she distributed. It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 16

The defendants are charged in Count 4 with the crime of distribution of fentanyl. Fentanyl is a controlled substance. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 25A is the same as that was purchased on March 26, 2023 and that Government's Exhibit 25B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he or she distributed. It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 17

The defendants are charged in Count 5 with the crime of distribution of cocaine and fentanyl.  Cocaine and fentanyl are controlled substances.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed cocaine or fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 29A is the same as that was purchased on April 4, 2023 and that Government's Exhibit 29B is the report of analysis conducted on the same substance.

(2) That Government's Exhibit 30A is the same as that was purchased on April 4, 2023 and that Government's Exhibit 30B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the cocaine or fentanyl, the defendant did not have to know that the substance was cocaine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much cocaine or fentanyl he or she distributed.  It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 18

The defendants are charged in Count 6 with the crime of distribution of cocaine and fentanyl.  Cocaine and fentanyl are controlled substances.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed cocaine or fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 34A is the same as that was purchased on April 20, 2023 and that Government's Exhibit 34B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the cocaine or fentanyl, the defendant did not have to know that the substance was cocaine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much cocaine or fentanyl he or she distributed.  It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

24

## INSTRUCTION NO. 19

The defendants are charged in Count 7 with the crime of distribution of fentanyl. Fentanyl is a controlled substance. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 40A is the same as that was purchased on April 25, 2023 and that Government's Exhibit 40B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he or she distributed. It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 20

The defendants are charged in Count 8 with the crime of distribution of fentanyl. Fentanyl is a controlled substance. For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 44A is the same as that was purchased on May 9, 2023 and that Government's Exhibit 44B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he or she distributed. It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

26

# INSTRUCTION NO. 21

The defendants are charged in Count 9 with the crime of distribution of cocaine and fentanyl.  Cocaine and fentanyl are controlled substances.  For you to find a defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

The defendant knowingly or intentionally distributed cocaine or fentanyl; and

That the defendant knew at the time of distribution that the substance was a controlled substance.

The government and the defendants have agreed, or stipulated, to certain facts.  Therefore, you must accept the following stipulated facts as proved:

(1) That Government's Exhibit 48A is the same as that was purchased on June 6, 2023 and that Government's Exhibit 48B is the report of analysis conducted on the same substance.

(2) That Government's Exhibit 49A is the same as that was purchased on June 6, 2023 and that Government's Exhibit 49B is the report of analysis conducted on the same substance.

Now I will give you more detailed instructions on some of these terms.

The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

To prove that the defendant "knowingly" distributed the cocaine or fentanyl, the defendant did not have to know that the substance was cocaine or fentanyl. It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much cocaine or fentanyl he or she distributed.  It is enough that the defendant knew that he or she distributed some quantity of a controlled substance.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 22

For you to find the defendants guilty of distribution of controlled substances, it is not necessary for you to find that they personally committed the crime.  You may also find them guilty if they intentionally helped someone else to commit the crime.  A person who does this is called an aider and abettor.

But for you to find a defendant guilty of distribution of controlled substances as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of distribution of controlled substances was committed.

Second, that the defendant helped to commit the crime.

And third, that the defendant intended to help commit the crime.

Proof that the defendant may have known about the crime, even if he or she was there when it was committed, is not enough for you to find him or her guilty.  You can consider this in deciding whether the government has proved that he or she was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of distribution of controlled substances as an aider and abettor.

**INSTRUCTION NO. 23**

The defendants are charged in Counts 2-9 of the indictment with distribution of controlled substances.  If you find either defendant guilty of Count 4, 5, 7, or 8, you will then be asked to determine the quantity of the controlled substance involved in the offense.  You will be provided with a special verdict form for this purpose.

If you find by unanimous agreement that the government has proved beyond a reasonable doubt that the offense involved a quantity of at least 40 grams of a mixture or substance containing a detectable amount of fentanyl, then please indicate this finding by checking that line on the special verdict form.

In determining the quantity of the controlled substance involved in the offense, you need not find that the defendant knew the quantity involved in the offense.

## INSTRUCTION NO. 24

Next, I want to say a word about the dates mentioned in the indictment.

The indictment charges that the crimes happened "on or about" certain dates. The government does not have to prove that the crimes happened on those exact dates. But the government must prove that the crimes happened reasonably close to those dates.

**INSTRUCTION NO. 25**

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**INSTRUCTION NO. 26**

Although the indictment charges that the statutes were violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statutes by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

**INSTRUCTION NO. 27**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 28

A defendant has an absolute right not to testify or present evidence.  The fact that the defendants did not testify or present any evidence cannot be considered by you in any way.  Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendants guilty beyond a reasonable doubt.  It is not up to the defendants to prove that they are innocent.

**INSTRUCTION NO. 29**

You have heard the testimony of Benjamin Fleury, who testified as an opinion witness. You do not have to accept Benjamin Fleury's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 30

You have heard the testimony of Loretta Anglerau.  You have also heard that before this trial she was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable her testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 31

You have heard the testimony of William Culver.  You have also heard that before this trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

## INSTRUCTION NO. 32

You have heard the testimony of Mary Rostran.  You have also heard that before this trial she was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable her testimony was.  Do not use it for any other purpose.  It is not evidence of anything else.

**INSTRUCTION NO. 33**

You have heard the testimony of Loretta Anglerau.  You have also heard that she received money from the government in exchange for providing information.

The use of paid informants is common and permissible.  But you should consider Loretta Anglerau's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by what the government gave her.

Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

**INSTRUCTION NO. 34**

You have heard the testimony of Mary Rostran.  You have also heard that she received money from the government in exchange for providing information.

The use of paid informants is common and permissible.  But you should consider Mary Rostran's testimony with more caution than the testimony of other witnesses.  Consider whether her testimony may have been influenced by what the government gave her.

Do not convict the defendants based on the unsupported testimony of such a witness, standing alone, unless you believe her testimony beyond a reasonable doubt.

**INSTRUCTION NO. 35**

You have heard testimony that Defendant Stone committed crimes other than the ones charged in the indictment.  If you find that Defendant Stone did those crimes, you can consider the evidence only as it relates to the government's claim on Defendant Stone's intent.  You must not consider it for any other purpose.  You cannot consider it in any way against Defendant Logsdon.

Remember that Defendant Stone is on trial here only for the crimes charged in the indictment, not for the other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## INSTRUCTION NO. 36

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

## INSTRUCTION NO. 37

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, Threads, Snapchat, LinkedIn, YouTube, or Twitter (or X), to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me immediately if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**INSTRUCTION NO. 38**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find a defendant not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

## INSTRUCTION NO. 39

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that—your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 40**

If you decide that the government has proved the defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

## INSTRUCTION NO. 41

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

If you decide that the government has proved the charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 42

Remember that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

### INSTRUCTION NO. 43

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendants guilty beyond a reasonable doubt.

**INSTRUCTION NO. 44**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                      Plaintiff,

v.                                                      Criminal Action No. 3:23-cr-80-DJH

NEAL SCOTT STONE (1) and
KEELY LOGSDON (2),                                                      Defendants.

* * * * *

## **VERDICT FORM**

We, the jury, unanimously find Defendant Neal Scott Stone:

As to Count 1:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 1(a).

If you answered Not Guilty, skip Question 1(a) and proceed to Count 2.

Question 1(a). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of fentanyl that was attributable to the defendant as the result of his own conduct and the conduct of other co-conspirators reasonably foreseeable to him was (indicate answer by checking one line below):

_____ 400 grams or more.

_____ less than 400 grams but more than 40 grams.

_____ less than 40 grams.

As to Count 2:

GUILTY _____        NOT GUILTY _____

52

As to Count 3:

GUILTY _____        NOT GUILTY _____

As to Count 4:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 4(a).

If you answered Not Guilty, skip Question 4(a) and proceed to Count 5.

Question 4(a).  With respect to Count 4, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 5:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 5(a).

If you answered Not Guilty, skip Question 5(a) and proceed to Count 6.

Question 5(a).  With respect to Count 5, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 6:

GUILTY _____        NOT GUILTY _____

As to Count 7:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 7(a).

If you answered Not Guilty, skip Question 7(a) and proceed to Count 8.

 Question 7(a).  With respect to Count 7, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

 _____ 40 grams or more.

 _____ less than 40 grams.

As to Count 8:

  GUILTY _____   NOT GUILTY _____

If you answered Guilty, proceed to Question 8(a).

If you answered Not Guilty, skip Question 8(a) and proceed to Count 9.

 Question 8(a).  With respect to Count 8, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

 _____ 40 grams or more.

 _____ less than 40 grams.

As to Count 9:

  GUILTY _____   NOT GUILTY _____


 We, the jury, unanimously find Defendant Keely Logsdon:

As to Count 1:

  GUILTY _____   NOT GUILTY _____

If you answered Guilty, proceed to Question 1(a).

If you answered Not Guilty, skip Question 1(a) and proceed to Count 2.

Question 1(a). With respect to Count 1, the amount of the mixture or substance containing a detectable amount of fentanyl that was attributable to the defendant as the result of her own conduct and the conduct of other co-conspirators reasonably foreseeable to her was (indicate answer by checking one line below):

_____ 400 grams or more.

_____ less than 400 grams but more than 40 grams.

_____ less than 40 grams.

As to Count 2:

GUILTY _____         NOT GUILTY _____

As to Count 3:

GUILTY _____         NOT GUILTY _____

As to Count 4:

GUILTY _____         NOT GUILTY _____

If you answered Guilty, proceed to Question 4(a).

If you answered Not Guilty, skip Question 4(a) and proceed to Count 5.

Question 4(a).  With respect to Count 4, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 5:

GUILTY _____         NOT GUILTY _____

If you answered Guilty, proceed to Question 5(a).

If you answered Not Guilty, skip Question 5(a) and proceed to Count 6.

Question 5(a).  With respect to Count 5, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 6:

GUILTY _____        NOT GUILTY _____

As to Count 7:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 7(a).

If you answered Not Guilty, skip Question 7(a) and proceed to Count 8.

Question 7(a).  With respect to Count 7, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 8:

GUILTY _____        NOT GUILTY _____

If you answered Guilty, proceed to Question 8(a).

If you answered Not Guilty, skip Question 8(a) and proceed to Count 9.

Question 8(a).  With respect to Count 8, the amount of the mixture or substance containing a detectable amount of fentanyl was (indicate answer by checking one line below):

_____ 40 grams or more.

_____ less than 40 grams.

As to Count 9:

GUILTY _____      NOT GUILTY _____

_____      _____
                                    Foreperson              Date